**SHERMAN, Admr v FALLEN et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12679.  Decided March 27, 1933

Demson, Phillips & Falsgraf, Cleveland, for plaintiff in error.

W. J. Corrigan, Cleveland, McKeehan, Merrick, Arter & Stewart, Cleveland, Giblin & Giblin, Painesville, for defendant in error.

290

McGILL, J.

This summary of the evidence, we believe, covers the salient points of the testimony with reference to the question of negligence, and contributory negligence, if any.

The court, at the request of defendants, before argument, gave the following instruction:

"1. You are instructed as a matter of law, that your verdict must be for the defendant if you find that the negligence of Ernest Tait, the chauffeur, directly or proximately contributed in the slightest degree to cause the collision between the Pierce-Arrow car and the Cadillac car driven by the deputy, Fallen."

The court also charged the jury on the question of contributory negligence in the general charge.

The issue of contributory negligence was not raised in the pleadings. If contributory negligence is disclosed in the testimony, clearly the court had a right to charge upon that subject and the jury had a right to consider it. There is no question under the facts in this case, as disclosed by the testimony, but that the driver, Tait, had the green light in his favor as he entered this intersection.

If the defendant, Fallen, or any witnesses for him, had testified that the green light was in favor of Fallen, as he entered the intersection, there would be an issue of fact as to contributory negligence and a proper question for the jury in this regard. Fallen admitted on cross-examination that when he was still 100 feet from the intersection, he did not look at the light and did not know whether or not the light was still in his favor from that point until the crash. As opposed to this, is the testimony of three witnesses, two of whom are disinterested, that the light had·changed in favor of the driver, Tait.

In the case of **Henderson v Cleveland Railway Co., 123 Oh St 468,** (1931) it is said:

Syllabus: "One seated in an automobile who instructs the driver to proceed across a street with the traffic signal in his favor, is entitled to rely upon the observance of the signal by all persons against whom the signal is operating. (**Cleveland Ry. Co. v Goldman, 122 Oh St 73,** 170 NE 641, approved and followed)."

In **Cleveland Railway Co. v Goldman, 122 Oh St 73,** (1930) the law is stated as follows:

"Syllabus 1. It is not negligence for a person entering a street intersection with the "go" traffic signal, to rely upon all persons from a cross street, who are not at the time in the intersection, observing the "stop" signal so long as it is against them."

In addition, §6310-35 GC provides:
"Pedestrians and drivers of vehicles shall obey and abide by all signals, signs * * * and shall obey all automatic traffic signals." (Effective Jan. 2, 1928).

Under the facts disclosed in this case, the driver, Tait, not only had the signal

in his favor, but also had the right to rely upon the observance of the automatic signal by Fallen. If Tait had seen the Cadillac car approaching at a high rate of speed near the intersection, there might be some question as to whether or not it was his duty to stop and not rely entirely upon the automatic signal. But the record does not disclose that Tait saw the Cadillac car driven by Fallen, coming at a terrific speed, but on the contrary, affirmatively shows that he did look a distance of three or four hundred feet to the north and saw no car approaching. In addition to the precaution exercised in looking this distance, Tait had the right to rely upon the green signal.

Under these circumstances there was no issue of contributory negligence disclosed by the proof and the court was clearly in error in giving the special request before argument and in charging contributory negligence in the general charge.

In addition, it is the opinion of this court that the verdict is manifestly against the weight of the evidence and for these reasons this cause is reversed and remanded for further proceedings according to law.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.